The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 6, 2021

**2021COA64**

**No. 20CA1524, *People in Interest of S.M. & E.M.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship; Civil Procedure — Relief from Judgment or Order**

A division of the court of appeals concludes, for the first time, that the proper procedure for addressing an allegation of racial bias against a judicial officer that becomes known while the case is on appeal is a limited remand and further proceedings under C.R.C.P. 60(b).

COLORADO COURT OF APPEALS      **2021COA64**

Court of Appeals No. 20CA1524
Arapahoe County District Court No. 19JV563
Honorable Natalie T. Chase, Judge

The People of the State of Colorado,

Appellee,

In the Interest of S.M. and E.M., Children,

and Concerning E.R. and M.M.,

Appellant.

ORDER FOR LIMITED REMAND

Division III
Opinion by JUDGE FREYRE
Furman and Johnson, JJ., concur

Announced May 6, 2021

Ronald A. Carl, City Attorney, Jordan C. Lewis, Assistant City Attorney, Aurora, Colorado, for Appellee

Alison A. Bettenberg, Sheena R. Knight, Guardians Ad Litem

Katayoun A. Donnelly, Office of Respondent Parents' Counsel, Denver, Colorado, for Respondent-Appellant E.R.

Chelsea A. Carr, Office of Respondent Parents' Counsel, Patrick R. Henson, Office of Respondent Parents' Counsel, Denver, Colorado, for Respondent-Appellant M.M.

¶ 1    In this direct appeal of a judgment terminating the parental rights of parents E.R. (father) and M.M. (mother), counsel for father (by written motion) and counsel for mother (at oral argument and followed by a written motion, which we grant) request that the judgment be reversed and that the case be remanded to the juvenile court for a new termination hearing "before a qualified judicial officer." The appellants base their request on the public censure of Judge Natalie T. Chase, who presided over the proceedings in their case, and on father's Hispanic heritage and mother's ethno-religious affiliation. *See In re Chase*, 2021 CO 23, ¶ 7 (concluding Judge Chase violated C.J.C. 2.3, which prohibits a judge from manifesting bias or prejudice based on race or ethnicity by word or action).

¶ 2    The Department and GAL respond that "the conduct of Judge Chase contained in the public censure may be the basis for a Motion for Disqualification under C.R.C.P. 97 for violations of C.J.C. Rule 2.11(A)." But they contend "that any determination regarding the disqualification of a judicial officer under C.R.C.P. 97 is a fact and case specific determination that must be first raised in the trial court." Alternatively, they request the opportunity file supplemental briefs. Because this issue arose after briefing was

complete, but before any opinion issued, we conclude that supplemental briefing on vacating the termination judgment would not assist us at this point. Instead, we conclude that the juvenile court must make findings of facts necessary to resolve the parents' allegations and that we, as an appellate court, cannot determine such facts. *See Carousel Farms Meteropolitan Dist. v. Woodcrest Homes, Inc.*, 2019 CO 51, ¶ 18 (noting that trial courts make factual findings while appellate courts pronounce law).

¶ 3 In dependency and neglect cases, the United States Supreme Court has long recognized that "[b]ecause parents subject to termination proceedings are often poor, uneducated, or members of minority groups, such proceedings are often vulnerable to judgments based on cultural or class bias." *Santosky v. Kramer*, 455 U.S. 745, 763 (1982) (citation omitted); *see also* Kathryn L. Mercer, *A Content Analysis of Judicial Decision-Making - How Judges Use the Primary Caretaker Standard to Make a Custody Determination*, 5 Wm. & Mary J. Women & L. 1, 69 (1998) ("Studies reviewing how judges decide abuse and neglect terminations of parental rights find that racial and ethnic biases may influence a judge's decision.").

¶ 4	In *Chase*, ¶ 2, the judge and the Colorado Commission on Judicial Discipline filed a stipulated resolution.  In the stipulated resolution, the judge agreed with the Commission's facts and conclusions that various statements the judge made on and off the bench had, among other things, "a significant negative effect on the public's confidence in[,] integrity of[,] and respect for the judiciary," and that the judge had "violated Canon Rule 2.3, which prohibits a judge from manifesting bias or prejudice based on race or ethnicity by word or action."  *Id.* at ¶ 3.  The supreme court concluded that the stipulated resolution was supported by the record of the proceedings, publicly censured the judge, and accepted her resignation effective in forty-five days.  *Id.* at ¶ 7.

¶ 5	Father and mother contend that Judge Chase's decision to terminate their parental rights "can best be explained in light of the foregoing."  Because these contentions may provide a basis for relief from judgment, father and mother should raise them in a C.R.C.P. 60(b) motion in the juvenile court and obtain a ruling from a judicial officer other than Judge Chase, to avoid any appearance of partiality, subject to further review in this court.

¶ 6     Accordingly, we deny parents' request to reverse the termination judgment, but we grant their request for a limited remand.  On limited remand, parents must file their motions for relief from judgment, and a juvenile court judge, other than Judge Chase, shall conduct further proceedings relevant to the allegations raised in the C.R.C.P. 60(b) motion and enter findings of fact and conclusions of law.

¶ 7     The case is remanded to the juvenile court for the limited purpose of hearing and ruling upon the C.R.C.P. 60(b) motions, which shall be done with all due speed.

¶ 8     After the motion has been resolved, parents must immediately forward a certified copy of the district court's order to this court, and the case will be recertified.  The order entered will be made a part of the record on appeal.  A supplemental record, consisting of the juvenile court record created on remand, including the juvenile court's order, is due fourteen days after recertification.  If any party wishes to supplement the record with transcripts of any hearings that occurred on remand, that party shall file a supplemental designation of transcripts with the juvenile court and this court within seven days of recertification.  If supplemental transcripts are

4

designated, the complete supplemental record, including the court record will be due twenty-one days after the filing of the supplemental designation of transcripts.

¶ 9 Within fourteen days of the filing of the supplemental record, the parents, Department, and GAL may file supplemental briefs, each not to exceed 3,500 words, limited to addressing the juvenile court's findings and conclusions on remand. Within fourteen days of any supplemental brief by a parent, any other party may file a supplemental response brief not to exceed 3500 words.

¶ 10 It is further ordered that parents must notify this court in writing of the status of the juvenile court proceedings if this matter is not concluded within twenty-eight days from the date of this order, and that the parents must do so every twenty-eight days thereafter until the juvenile court rules on the motion.

JUDGE FURMAN and JUDGE JOHNSON concur.